**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4138**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

      v.

MITCHELL NORBERT NICHOLAS,

                   Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:19-cr-00005-JPJ-PMS-1)

Submitted: January 25, 2021                    Decided:  February 4, 2021

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Lisa Marie Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Daniel P. Bubar, Acting United States Attorney, Roanoke, Virginia, Lena L. Busscher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mitchell Norbert Nicholas of two counts of knowingly mailing a threatening communication to a federal judge, in violation of 18 U.S.C. § 876(c), and two counts of threatening a federal judge in retaliation for performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4). The district court imposed an upward variant sentence of 72 months' imprisonment. On appeal, Nicholas challenges his convictions and sentence. Finding no reversible error, we affirm.

I.

Nicholas contends that there is insufficient evidence supporting his convictions and, thus, the district court erred in denying his motion for judgment of acquittal. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

2

To convict a defendant of violating 18 U.S.C. § 876(c), the Government must establish "(1) the defendant knowingly communicate[d] a statement in [the mail] that (2) contain[ed] a true threat that is not protected by the First Amendment." *United States v. White*, 810 F.3d 212, 219 (4th Cir. 2016).[1] "[A] true threat in the constitutional sense is one that a reasonable recipient who is familiar with the circumstances would interpret as a serious expression of an intent to do harm." *Id.* (internal quotation marks omitted). "The speaker need not actually intend to carry out the threat," because "a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Virginia v. Black*, 538 U.S. 343, 359-60 (2003) (brackets and internal quotation marks omitted).[2]

We conclude that there is sufficient evidence supporting the jury's verdict. Nicholas admitted to Deputy Marshal Satterwhite that he believed that the judges deserved a threat because he believed that they were wrong to deny him habeas relief. Nicholas also stated that he recognized that the language he used was harsh. The fact that Nicholas did not

---

[1] *White* addressed a threat sent in interstate commerce under 18 U.S.C. § 875(c), but the statutory language in § 875 and § 876 are nearly identical except for the jurisdictional element of interstate commerce versus the mail, and the parties agree that the true threat standard under § 875 applies under § 876.

[2] Thus, a true threat is distinguishable from separate categories of speech such as fighting words or speech which is "directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.* at 359 (internal quotation marks omitted). To the extent Nicholas argues that the Government was required to show an imminent likelihood of violence to sustain a conviction, this argument is foreclosed by *Black*, which makes clear that a true threat need not require such a showing.

3

intend to actually murder the victims does not lessen the effect that the letters had on the judges. Moreover, Nicholas' status as an inmate held in a remote prison on the mainland does not provide him a free pass to send threatening letters; if this were the case, no inmate without accomplices on the outside to act on the threat could be convicted of sending a threatening communication. *See United States v. Davila*, 461 F.3d 298, 305 (2d Cir. 2006); *United States v. Miller*, 115 F.3d 361, 364 (6th Cir. 1997). While Nicholas also points to the judges' personal experience in support of his arguments, we conclude that they do not call into doubt the jury's verdict.

As for Nicholas' retaliatory intent, 18 U.S.C. § 115(a)(1)(B) prohibits a defendant from "threaten[ing] to assault, kidnap, or murder" a federal government official "with intent to impede, intimidate, or interfere with such official . . . while engaged in the performance of official duties, or with intent to retaliate against such official . . . on account of the performance of official duties." We conclude that there is sufficient evidence showing that Nicholas sent the letters in retaliation for the judges' rulings in his habeas proceeding, an undisputed official duty. Nicholas expressed his displeasure with their rulings to Satterwhite and admitted they deserved a threat. Thus, the district court did not err in denying Nicholas' Fed. R. Crim. P. 29 motion.

Nicholas also argues that the district court erred in excluding the following evidence: Satterwhite's out-of-court statement that Nicholas did not present an actual threat to the judges, pictures of Red Onion State Prison ("Red Onion"—where Nicholas was confined when he sent the threatening letters), and full copies of the judges' adverse rulings in his habeas proceeding. We review a district court's evidentiary rulings for abuse

4

of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted). Indeed, "[t]he abuse of discretion standard is highly deferential, and a reviewing court should not reverse unless the ruling is manifestly erroneous." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (internal quotation marks omitted). Moreover, evidentiary rulings are reviewed for harmless error, a standard that requires us to determine "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cone*, 714 F.3d 197, 219 (4th Cir. 2013) (internal quotation marks omitted).

We discern no reversible error. The district court correctly concluded that whether Nicholas could actually harm the judges was not relevant to the offense. Similarly, the photographs of Red Onion go to whether Nicholas had the capability to execute the threat and he introduced no evidence that the judges were aware of the specific nature of his confinement. Moreover, Satterwhite testified that Red Onion was a maximum-security prison on the top of a mountain in Virginia and, thus, the jury had this information in determining whether a reasonable person in the judges' position would have been intimidated. Finally, the exact nature of the judges' rulings in Nicholas' habeas proceeding was not relevant to the crime either, and the jury was aware through Nicholas' statement to Satterwhite that he was frustrated with the judges' ruling in his case. Accordingly, we affirm Nicholas' convictions.

5

## II.

Nicholas also argues that his above-Guidelines sentence is unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

"In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "We will vacate such [a] sentence if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."

6

*United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Nicholas first argues that the district court's explanation was insufficient to support the degree of the variance imposed. We disagree. A district court's explanation must be sufficient "enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Provance*, 944 F.3d 213, 217-18 (4th Cir. 2019). Here, the district court offered several reasons why it imposed the sentence it did—it wanted to deter Nicholas from committing similar offenses in the future, it believed that this offense was serious, and that it did not believe that a sentence within the advisory Sentencing Guidelines range would have satisfied the § 3553(a) factors.

While Nicholas argues that a consecutive, above-Guidelines sentence could not deter him in light of his life sentence for murder, this argument is borderline frivolous. Taking this logic to its inevitable conclusion, a court could not announce deterrence as a rationale for imposing a sentence on any inmate serving life without parole for a previous offense. Although Nicholas argues that this was an ordinary case calling for a within-Guidelines sentence, the district court was entitled to conclude otherwise—the rule of law is threatened if a government official can be targeted for performing his or her official tasks, and Nicholas targeted the judges specifically because they denied him habeas relief. While this factor was part of the Guidelines calculations, the court was within its discretion

7

in placing more emphasis on it than the Sentencing Commission in this case. Finally, the district court did not penalize Nicholas for going to trial. While the court stated it was impressed by the judges' travel to Virginia from the Virgin Islands, Nicholas intentionally selected his victims. Their travel took an extensive amount of time, time in which they could not perform their official duties, and in a point of contrast, the court noted that Nicholas only had to spend a few minutes writing his threatening letters. Therefore, we discern no abuse of discretion.

## III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*